J. MATTHEWS & SONS, Appellants, v. H. C. METCALF.

INJUNCTION. Not granted unless proper evidence shows an inter-
ference with legal rights.

*Appeal from Jones District Court—*HON. J. D. GIFFEN, Judge.

WEDNESDAY, FEBRUARY 12, 1896.

THIS is a suit in equity, by which the plaintiff seeks to enjoin
the defendant from maintaining a mill dam at such a height as to dam-
age the property of the plaintiffs by back water. There was also a
claim to recover for damages alleged to have been sustained. The
defendant answered, denying that the water in his dam was at a
greater height than he had a right to maintain it. The case was
fully heard on its merits, and a decree was entered dismissing the
petition, and the plaintiffs appeal.—*Affirmed.*

*Remley & Ercanbrack* for appellants.

*Sheean & McCarn* for appellee.

ROTHROCK, J. There is no disputed question of law in the case. The whole controversy turns upon the ultimate question of fact, whether in the year 1891, the defendant raised, and has since maintained, a dam, at a greater height than he had a right to do. Or, in other words, was the dam of a greater height, and did it back water further up the stream than had been done many years before that time? The plaintiffs are the owners of a flouring mill situated on Buffalo creek, and propelled by the water in that stream. The mill is located about three-quarters of a mile from the place where the creek empties into the Wapsie river. The defendant is the owner of a mill located on said river about a half mile below the confluence of the two streams. Both of the mills are situated at the city of Anamosa, and dams were erected at both points many years ago. The plaintiffs' improvement was made a number of years before that of the defendant. A dam was built very near where the defendant's dam is now located, as early as the year 1847, and it has been maintained ever since. Of course, there have been changes of structure by wash-outs and decay, and the water in the dam has not at all times been maintained at a uniform height. There is no waterfall or rapids in the stream at that point, and the power is measured by the height of the water in the dam, without regard to other conditions. It is conceded by the plaintiffs that the defendant has the right to maintain a dam to the height it usually was kept up, and the right to keep it full of water. And the defendant concedes that he has no right to maintain a dam which backs water up Buffalo creek, further than the old dam or dams backed it, if by so doing the back water interferes with the operation of the plaintiffs' mill. We are now treating of facts which are either undisputed in the evidence, or conceded by the parties in argument. When the defendant completed the new dam, in 1891, complaint was made by plaintiffs that it was higher than he had a right to build it, and when it was full of water the defendant went up the Buffalo, and examined the effect upon that stream; and he immediately put men at work in lowering his dam, and did lower it, so that he now claims that it does not raise the water in the stream to a greater height than had usually before that been maintained. And this is the question of fact which the district court was required to determine by a preponderance of the evidence; and, as the case is in equity, we are to determine it by the same rule. As we have said, these mills are located at Anamosa, and the condition of this dam, and of the streams between the two mills, has for many years been under the observation of many persons. A large number of witnesses were examined on each side of the controversy. They were former owners of the two mills, men who were engaged in working in the mills, and experts who made measurements of the water and of the dam, persons who resided on the banks of the river and creek, and fishermen who angled in the waters and rowed boats up and down the creek and river, and people of other occupations. We will not review the testimony of the witnesses. It is not our practice to do so. The

testimony is well presented in this court. There is no dispute in the abstracts as to what the witnesses testified to on the trial. After a most careful examination and study of the evidence, considered in connection with the undisputed facts, we concur with the district court in holding that the plaintiffs have not shown by a preponderance of the evidence, that the dam of the defendant, as constructed at the time of the trial, interfered with the plaintiffs' lawful rights. We must content ourselves with this general finding, and we may say, in conclusion, that, as the plaintiffs were not entitled to recover damages, the court rightfully dismissed the petition without determining to what point in Buffalo creek the defendant had a right to back the water. The decree of the district court is AFFIRMED.